IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-826-LPS |
| WARDEN PHIL MORGAN, et al., | : |
| Defendants. | : |

Ronald G. Johnson, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 26, 2011
Wilmington, Delaware

[signature] 
**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ronald G. Johnson ("Plaintiff"), filed this action pursuant to 28 U.S.C. § 1651 alleging violations of his civil rights.[1] At the time he filed the Complaint/Petition, he was housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He has since been released. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint/Petition pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff alleges that Defendants failed to release him from prison subsequent to the resolution of his criminal case on September 24, 2010 by the Court of Common Pleas for the State of Delaware in and for New Castle County ("Court of Common Pleas"). Plaintiff either spoke, or wrote, to Defendants advising them of his release, but no one responded and he remained held at the HRYCI. (D.I. 2) Plaintiff advised the Court on October 4, 2010 that he was no longer incarcerated. (D.I. 4) Plaintiff seeks compensatory damages for Defendants' failure to release him within twenty-four hours or a reasonable time of forty-eight hours, depending on the circumstances.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989; *see also Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State*

2

*Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

Plaintiff names as defendants the Delaware Bureau of Prisons ("BOP") and the HRYCI. The Eleventh Amendment provides both of these Defendants immunity. *See MCI Telecom.*

3

*Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Board of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979) (section 1983 was not intended to abrogate State's Eleventh Amendment immunity); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan 11, 2007) (not published) (stating Delaware has not waived its immunity from suit in federal court).

The BOP and HYRCI, as agencies of the State of Delaware are immune from suit. Therefore, the Court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

V. **CONCLUSION**

For the reasons discussed, the Court will dismiss the claims against the BOP and the HYRCI pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against the remaining Defendants. *See e.g., Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989) (stating prisoner has right to be released from his sentence, so detention beyond termination of sentence may be in violation of Eighth Amendment.)

An appropriate Order follows.